Insurance Company, Mr. Peterson. Thank you. May it please the Court. This appeal presents an important procedural question regarding preservation of objections to personal jurisdiction with respect to the claims of unnamed class members, but it is unnecessary for this Court to reach that question if it agrees with Jackson that individual issues predominate over common issues and no class should have been certified at all, which is where I'd like to begin. Okay for us to jump over personal jurisdiction, is that what you're saying? Yes, Judge Duncan, because this isn't technically a question of personal jurisdiction over claims that have been asserted. It's a question of the scope of the class that should be certified, and so it's a question of the scope of the class, if no class should be certified at all, there's no need to address whether a class could be certified that would include claims of class members whose claims have no connection to taxes. Okay. So there's one key reason that individual issues predominate here over common issues, and that's the involvement of brokers in these transactions. This is not a case in which unsophisticated individuals were left on their own to attempt to interpret complex and sometimes technical contract language. Instead, in purchasing these annuities and in incurring these surrender charges, customers were represented by brokers, highly sophisticated individuals familiar with the insurance industry, familiar with Jackson's contracts, and perhaps most importantly, familiar with the understanding that the industry had of Jackson's contracts and the terms in there. We have the testimony of the broker for all 14 of the original named plaintiffs, Mr. Hightower, who explained that at the time of contract formation and when these charges were incurred, he understood exactly how Jackson was calculating these surrender charges. He believed that Jackson's calculation of surrender charges was perfectly consistent with what Jackson was doing with Jackson's contract language. Well, if the contracts say they're fully integrated, then how could we, how could a court allow the testimony about the broker's advice vary the contract? We're not offering the broker's advice to vary the contract language. We're not offering the broker's advice as subjective evidence of what the parties believed. The Texas Supreme Court has made clear, most recently I think in the URI decision, which we cited in the briefs, that extrinsic evidence may be used to aid the understanding even of unambiguous contract language. And one of the key forms of extrinsic evidence that the Texas Supreme Court routinely points to is trade usage. Trade usage can illuminate the meaning of contract language. So what we're not suggesting here is that there is some special subjective understanding that Mr. Hightower had. What we are suggesting is that the insurance industry as a whole understood that withdrawals included the amounts used to pay surrender charges and that Mr. Hightower shared that understanding. What if there was a Supreme Court opinion from, say, the Supreme Court of Montana that said extrinsic evidence is also relevant, you know, but in a different way? Would that go to also the predominance question? Certainly. That would go to variations in state law. I don't see anything in the district court certification order that says anything about, well, I've looked at the 50 states and the way extrinsic evidence applies to understanding, even just assume arguendo it's unambiguous. How does that factor into the analysis? I assume it's the 23B3 question of predominance. Yes, Your Honor, you're absolutely correct. Part of the plaintiff's burden in showing that a class is suitable for certification under 23B3 when they attempt to go outside the law of a single state is to show that these variations in state law don't overwhelm predominance. And on the key issues of liability here, the affirmative defensive waiver, which I'll get to hopefully soon, and on the questions of contract interpretation using this individualized extrinsic evidence, you just don't see any sort of argument by the plaintiffs relating to class certification, much less any serious analysis by the district court. Now with respect to trade usage, just one last point there. We can obviously prove on a class-wide basis what the industry understanding of the terms is, but that's not enough for trade usage. We also actually have to prove that each individual plaintiff was subjectively, either actually or imputed from their broker, aware of that trade usage in order to hold them to it. That's where the individualized inquiry comes in. Now I think at the end of the day, Jackson, if it had to conduct 150,000 individual trials, would probably be able to show for the vast majority, perhaps even all of those plaintiffs, that they should be held to this trade usage. However, we still need to present individualized proof. Wouldn't your top-line argument on the merits be that the contract is unambiguous and unambiguously supports your view of how to calculate the charges? Well, now keep in mind, even if it's unambiguous, we still do get to use extrinsic objective evidence to interpret it under Texas law. I know it's a fairly subtle point, but that is important. But let me put it this way. I think our top-line argument is the plain text of the agreement alone, just looking at the face of the agreement, supports us. We think we have the better reading of the word withdrawal, but if there's any doubt about that, if we don't win just looking at the plain text of the agreement, then we have this well-supported evidence of industry usage showing that the people who are actually representing and advising the individual plaintiffs shared a common industry understanding of the contract language with Jackson. And to be clear, there's no accident in that. There's a reason that you don't buy these policies from Jackson the same way that you buy goods off of Amazon. Jackson is trying to protect itself from exactly the sort of claims that are being raised here. Jackson doesn't want to deal with unsophisticated individuals who don't have the benefit of being advised by brokers, who might pick up their contract, take a look at it, and say, I think as plaintiffs have said here, this is hard, we don't understand it, please read it against Jackson. We require you to go through a broker to purchase these policies. And when the broker purchases the policies, look at record page 2391. The broker actually has to provide a certification that they have explained the policy to the calculation of charges as part of that certification. We don't want to deal with unsophisticated individuals. We want to deal with individuals who are held to the industry's understanding of these sometimes complex policies. Let me turn also to waiver. And again, it's very similar arguments like our contract interpretation arguments. Our affirmative defensive waiver also turns on what knowledge these individual class members had when they had that knowledge and how they reacted to it. The district court rejected our waiver defense because it applied the wrong standard. You see this on record page 867. The district court said that waiver required plaintiffs to have been aware of the lawfulness of Jackson's conduct, which would have required either liability being established or Jackson admitting that its actions were unlawful. That standard is not the test for waiver under Texas law, or to my knowledge, the test for waiver of contractual rights under any state's law. But can I pause you real quickly? Because we keep talking about under Texas law, and I understand those Texas law arguments. But the position I would assume of Jackson is that all 50 states' law is going to affect at every step of this analysis, whether it's your waiver defense, how you told the statute of limitations that would apply to a consumer in Rhode Island or Montana, how you would understand extrinsic evidence and how it would go. Am I missing? Are you just using Texas law as a shorthand? That's right. I'm focusing on Texas law because the district court focused its analysis on Texas law. Obviously, to certify this nationwide class, what you have to conclude is not only that this is a correct statement of the law, but that this is a correct statement of the law with respect to all 50 states. And there's no serious analysis of what the standard for waiver is there. But I would also suggest they haven't even shown that for a single state's law, even for a Texas class, that waiver presents an issue that is susceptible to common proof. So the right standard for waiver, I think, is found in the Trolltex opinion. We saw that it was written by then-court appeals justice, now-Texas Supreme Court Justice Brett Busbee. The plaintiffs made essentially the same arguments that I suspect my friend is going to stand up and make. Yes, you might have sent us documents from which we could have calculated we were being underpaid, but we didn't actually perform those calculations. And we didn't subjectively recognize that that underpayment constituted a breach of contract. The Trolltex decision expressly rejects that as the standard for waiver. Waiver requires knowledge of the material facts. It doesn't require subjective appreciation that those material facts constitute a breach of contract. And the case that the district court pulled its waiver standard from, the Allen v. Holliday universal case, didn't involve allegations that a party waived its rights under a contract. In that case, parties were challenging a gym contract as void for illegality under Pennsylvania law charging excessive membership fees. So it's not about waiving contractual rights, which is the situation that we're in here. It was about a very different argument, and that's where this lawfulness idea comes in. When you're talking about waiver of contractual rights, there's no need even subjectively to appreciate that the facts constitute a breach, much less to know anything about lawfulness. And of course, at this stage, again, under Amgen, we're not engaging in a free-ranging inquiry into the merits. The question is not whether Jackson is ultimately going to succeed on its waiver arguments, ultimately succeed on its contract interpretation arguments. The question is simply how the case is going to be tried. And as we understand the district court's trial plan, Jackson's argument simply won't be heard at all, that Jackson would not be permitted to introduce individualized evidence relating to what each one of these individual plaintiffs knew. We wouldn't be able to make waiver arguments based on the subjective knowledge of each of these 150,000 individual plaintiffs. It's difficult to imagine what that sort of trial would look like. One case I would highlight here before I turn to personal jurisdiction is the Sacred Heart Health Systems v. Humana case out of the Eleventh Circuit. Now, it's a longer opinion. There are a few other moving pieces there, because it does include some differences in contract language. But the Eleventh Circuit's analysis is very nice, both on individual issues of contract interpretation. There, it involved usage of course of dealing rather than usage of trade, but it still recognized that these individual issues predominated. Even the most common of contractual questions, those arising, for example, from the alleged breach of a form contract, do not guarantee predominance if individualized extrinsic evidence bears heavily on the interpretation of the class member's agreements. Second, they also recognized, again, very similarly, accepting payments for an extended period of time without complaint created individual issues of waiver that predominated over common issues. And finally, even though that case only involved the law of six different states, the Eleventh Circuit noted that variations in the law of waiver among those six states would have precluded certification of a class covering more than one state. Let me turn briefly to the personal jurisdiction. Well, if I may, why don't you talk about, I'd like to hear your argument about the damages model, and then I'm going to give you an extra ten minutes to talk about personal jurisdiction. Of course, the other side will have an additional ten minutes as well. Thank you, Your Honor. May I take some water from the table? Sure. Thank you. Briefly on damages, I think what we see from the plaintiff's expert isn't actually a damage model presented showing that damages can be calculated on a classified basis. It's simply an indication of how damages could potentially be calculated in the future. And there's a few complications there. The first, I think what my friend has suggested in his brief, is that their damage model is very simple. It's just the difference between a single overcharge and what they contend that Jackson should have charged. It's so simple, even I understood it. Well, you're missing a great illustration that I had about the differences between tips in a restaurant and paying a real estate agent, but it's probably unnecessary. That might perhaps accurately calculate damages on a ministerial basis, just when you plug in the right numbers for each class member, if there were only a single overcharge at issue. But what their damage model doesn't account for is subsequent overcharges. And this is hard. Because withdrawals reduce remaining premium, the amount of remaining premium that you have ends up affecting a lot of things going on in the future in the contract. So when you reduce the remaining premium by a withdrawal, that means that subsequent withdrawals would incur less surrender charges because you have less remaining premium. There are a lot of follow-on complications that come if you adopt their contract interpretation. You haven't seen a damage model either on appeal or before the district court that attempts to calculate the continued effect of adopting this contract interpretation. The other issue is living and death benefits. Living benefits are continued rights to payments that individuals have under the contract while they're alive. Death benefits, as they suggest, are benefits that you would receive upon their death. And again, plaintiffs have made clear that these are part of the damages they are seeking in the case. You haven't seen any attempt either before the district court or on appeal to argue that living and death benefits are calculable on a class-wide basis. And even if they're calculable, my understanding is that there's no... I'm looking at record on appeal 2139, and it appears that regardless of whether you could actually figure out what they are, there is no model proffered in the record that I can see that actually purports to do the modeling. That's right. You don't see any model presented by the plaintiff's expert below. And I believe we compared it to the Wigley case, I believe was the one that we cited in our opening brief, where a plaintiff had presented expert testimony regarding damages, essentially saying, well, I in the future will be able to perform a regression analysis that would show that damages are calculable on a class-wide basis. I think you've got very similar testimony here. I in the future will be able to develop some type of damage model that calculates what that damage model looks like or permitting that damage model to be subject to scrutiny. Okay. Let's move on to personal jurisdiction. Thank you. So with the personal jurisdiction issue, we objected to class certification on the basis that the district court lacked personal jurisdiction to certify a nationwide... lacked personal jurisdiction over claims of class members whose claims lacked any connection to Texas. There's no suggestion that Jackson is subject to general personal jurisdiction in Texas. We're home in Michigan, not in Texas. So personal jurisdiction necessarily rests only on specific jurisdiction, which requires a claim-by-claim analysis. So does your response to the waiver point, does it boil down to the defense was not available and so therefore you weren't required to raise it in the 12th B? Yes, Your Honor. That is it in a nutshell. These claims were not part of the class. I'm sorry. These claims were not part of the case until certification. You see that from the Ninth Circuit class action when filed includes only the claims of the named plaintiffs. The claims of unnamed plaintiffs are added later when the class is certified. You see it from the Second Circuit until certification. There is no class action but merely the prospect of one. The only action is the suit by the named plaintiff. This court has said that it's certification that brings the unnamed members of the class before the court. And obviously I can spend time talking about the Eleventh Circuit's decision checking overdraft account litigation in Gutierrez versus Wells Fargo. I think that's exceptionally difficult to distinguish because I think the Eleventh Circuit provides exactly the right analysis. Was there ever an interim counsel appointed for the putative class under Rule 23G3, not B3, but G3? No, Your Honor. So the putative class never had a lawyer? Not that I am aware of, Your Honor. Obviously until certification. Certainly. Checking overdraft account litigation obviously involved Wells Fargo filing what I think is essentially the identical motion that plaintiffs suggest we should have filed here. It's pre-certification. Wells Fargo filed a conditional motion to compel arbitration with the unnamed class members. The district court denied that motion. Wells Fargo appealed to the Eleventh Circuit under Rule 23F. The Eleventh Circuit vacated the district court's ruling. The district court lacked jurisdiction under Article 3 to rule on this motion because the claims of the unnamed class members were hypothetical. There was actually no controversy between the unnamed class members and the defendant prior to certification. As we've said, the claims were just not part of the case. Is this the checking overdraft case you're talking about from the Eleventh Circuit? That's right. The other side is going to say it involved arbitration, not personal jurisdiction. Well, I think that's true, but that's no answer to the Eleventh Circuit's analysis of the status of the claims of unnamed class members. I find it very difficult to see how a claim could be part of a case for some purposes and not part of a case from others. I think either a claim has been asserted against a defendant, there's a plaintiff in court who is asserting that claim, in which case the defendant is free to move to dismiss it for personal jurisdiction or move to compel arbitration of that claim, or a claim has not been asserted against a  claim. And I think the mootness here is probably the easiest way of confirming that my argument's correct. As the Court's aware, after a class has been certified, if the claims of the named plaintiff become moot, the case continues, because after certification, the claims of the unnamed class members have independent legal significance. However, prior to certification, it's well established that if the claims of the named plaintiffs become moot, the case as a whole is moot. That lets us know that the claims of the unnamed class members simply aren't part of the case prior to certification. And again, it's unclear to me exactly how this motion to dismiss would have really looked. Am I right? Correct me if I'm wrong. There are no circuit cases that address the waiver of personal jurisdiction in the class action context. There are only district court cases? That's right. And do the district court cases, as they do on the merits issue, the Bristol-Myers issue, do they also diverge on the waiver issue? In other words, do we have them on both sides? Yes. I asked because we had a 28-J filed, I think, from a district court. I don't remember where, but that supports their waiver argument. That's right. But let me give you one caveat there, which is I think the district court cases that have actually considered the procedural correctness of the motion are uniform. So every time you have a district court actually stopping to think and asking, is this a procedurally proper motion? Is this the right time to hear this motion? You see the district courts recognizing that Jackson's position is correct. I think I tend to cite, it's the case from Gasser versus Kiss My Face LLC. I apologize for the somewhat silly name. But the district court there expressed almost puzzlement at the filing of the motion. The court doesn't understand how it can lack personal jurisdiction of persons who are not yet and may never be parties to this action. That is the putative class members. So whenever you have the district court actually engaging with the question of is this a procedurally proper motion, the district court recognizes that Jackson's correct here. You have a number of cases in which district courts have, without weighing in on the procedural correctness of it, permitted these motions to be filed and ruled on them. But none of those cases are actually really grappling with the precedents we've cited. The Moussad case, I believe, which was cited in the 28J letter. You don't see any sort of analysis of how is it even possible to move to dismiss the claims of unnamed class members prior to certification.  prior to certification. You just see the district court essentially assuming that such a motion is proper and then saying, first of all, Myers Squibb wasn't a change in the law that would excuse forfeiture. Now, unless my colleagues have any questions, further questions on the waiver, let's assume for the purposes of argument that we found that you didn't waive an objection to personal jurisdiction. In your review, should we go ahead and reach the question? I know you've made the argument about skipping over that and going to personal jurisdiction. In your view, is that question posed for us by the court's certification order or should we remand? I believe it is posed by the certification order. I think it's coming to you as a purely legal question. I'll also say I don't see my friend as disputing the nonexistence of personal jurisdiction aside from forfeiture. They have never actually made the assertion that aside from forfeiture, the district court could properly exercise personal jurisdiction over with Jackson with response to these claims. You didn't see it in the district court. You didn't see it in their brief here and we briefed the point in our opening brief and we subsequently filed a 12B2 motion in the district court after certification and in the response to that rule 12B2 motion, it's still pending before the district court, you don't see any basis other than forfeiture that they've argued in order for the district court to exercise personal jurisdiction over Jackson. So we're happy for the court to address the issue.  Go ahead. And that's fairly straightforward. So under Bristol-Myers Squibb, it explained a proposition the Supreme Court has recognized that the territorial limitations on state courts are what give rise to the limits on personal jurisdiction. It's not a question of procedural fairness. It's not a question of inconvenience to the defendant. It's not a question of what the defendant expects. Bristol-Myers Squibb roots restrictions on personal jurisdiction in the state courts in our federal system. Okay. So what about the difference between a mass tort action and a class action? Is that salient? Something tells me the other side is going to bring that up as a relevant distinction. I suspect they might, but I don't think you can find it salient under the reasoning of Bristol-Myers Squibb because if the power to adjudicate is limited in our federal system, it's limited in our federal structure and the territorial limits on state sovereignty, then no procedural device, no matter how fair Rule 23 might be, could permit a state court to reach outside its borders and adjudicate claims that have no connection to that state. And that's derived largely from, well, in the way you just posited, that limitation comes from the 14th Amendment. That's right. So presumably we could have a different rule under the 5th Amendment for the federal court. I think there's no question there would be a different rule under the 5th Amendment in federal courts exercising federal question jurisdiction where Congress has expanded it. Now, there's an easy answer here and a hard question here. Hard answer here as to how the 14th Amendment applies in federal courts. The easy answer is Rule 4K1A. Our rules of personal jurisdiction tell us that federal courts can exercise personal jurisdiction over a defendant where that defendant would be subject to personal jurisdiction in a state court. But there's no other rule or statute by Congress that would purport to pose this 5th Amendment question. Is that right? There's nothing in CAFA, for example, that would say that the Texas Court can adjudicate claims between a Michigan corporation and a California plaintiff. That's right, and I think that would actually be a very difficult constitutional question if Congress were to do it. That's where the hard question comes in. If you ask me to assume a world in which Rule 4K1A said federal district courts can exercise personal jurisdiction nationwide even in diversity cases, I think it's a hard question of whether the Constitution permits that. There is some authority. It's not well established, but some authority suggests that in diversity cases, federal courts aren't exercising their innate power but are instead, almost under eerie principles, borrowing authority to adjudicate from state courts. So there is some analysis out there that suggests that the 14th Amendment might apply of its own force to state, to federal courts exercising diversity jurisdiction. Thankfully, though, you don't need to reach that question because we do have Rule 4K1A, which applies the 14th Amendment to federal courts at the moment by rule. Just say that by rule, regardless of the differences in the amendments 5th and 14th, that the federal district court in Texas is going to be limited in the same way that the Texas state courts would be under Bristol-Myers. That's right. This panel has further questions. Thank you. Mr. LeClaire, and you will have extra time. Thank you, Your Honor. If the court has no preference, I will I was expecting to start with personal jurisdiction but they went the other way, so I'll start the other way, too, just to follow there. Do whatever seems best to you. With respect to the class cert and the individual issues our position is, this is a quintessential class case. There are many cases that say that form contracts are, in fact, the perfect vehicle for a class case. What they are arguing is a number of very collateral issues that they are speculating are going to create individual issues. But I want to go through each of those and explain why we say they don't create any issue on predominance. First of all, Jackson asserted in the district court as did we, that the contract was unambiguous. The court found it to be unambiguous. It is not proper for Jackson to come to this court and then say, oh, wait a minute maybe it's ambiguous after all and we ought to admit a bunch of extrinsic evidence. That would be invited error and this court should not tolerate that and allow them to do that. So I think for purposes of this appeal this contract must be treated as unambiguous because both sides said it the court found it and nobody has the right to complain of that because no one said to the court don't treat this as unambiguous. Are you saying Jackson waived the argument that extrinsic evidence could apply? I think yes. I think invited error is a derivation, if you will, of waiver. So yes, it is under the invited error doctrine if you say to the court hold this way the court holds that way and then you go up on appeal and say wait a minute, maybe the court was wrong it can't do that. Am I understanding what you're saying is that it's unambiguous under Texas law so therefore under Texas law no extrinsic evidence can be used to understand its meaning? Actually, that's not what we're saying, Your Honor and I want to get to the issue of state laws that apply because I certainly heard Your Honor's questions earlier so I definitely want to deal with that and let me just go ahead and deal with it now. Our position is that the state laws that matter are what's legally relevant and here the evidence they're trying to tender is not legally relevant because of the parole evidence rule which applies in every single state. Now, we did not specifically put a chart in our brief relating to the parole evidence rule because you're not required yes, under Cole v. General Motors you're supposed to talk about differences in state law but what you aren't required to do and what would be unfair is that you have to imagine every conceivable thing that someone might dream up and then put that in there. In fact, what Jackson did Jackson has evolved their position in this case constantly we'll get to that on personal jurisdiction let's take reformation their biggest point about individual issues is this doctrine of reformation they did not even raise that issue didn't even plead it until after class certification they have argued throughout as I understand it that their limitations I'm sorry, their defenses including statute of limitations and waiver and all these other things are going to not be every little thing as you put it just a moment ago it's going to infect every stage of this analysis including, as I understand it, the certification order because the certification order from the district judge says the class is comprised of anyone who is bringing a claim within the relevant limitations period certainly so what if the limitations period in Texas for breach of contract is 4 years 4 years for breach of contract so let's pick a different state and say the breach of contract is 10 years what if this other state, let's just call it Rhode Island has all kinds of different rules under state law about when to toll the statute of limitations whether the limitations period starts or stops based on conversations with your broker, extrinsic evidence that would apply to discovery of the underlying violation how they would understand when the withdrawal charge was administered you can imagine any number of scenarios where this isn't every little thing it literally goes to the definition and the composition of the class  in a nationwide class action are going to affect the analysis, whether who's in the class who wins under the class how you try those claims under the class I do hear your honor but I think what your honor is really saying is we never can have a nationwide class of state law issues which I understand that position that's simply not been the law anywhere that I know of it is certainly what is under consideration now with respect to Bristol-Myers but if the fact is that you cannot have a nationwide class on the most simple narrow contract issue because every single nationwide class there's going to be issues of potentially different limitations period I'm not suggesting anything I'm just asking you a question I'm sorry your honor I didn't mean to I'm assuming that this particular contract don't have choice of law provisions in them well actually they do but the choice of law provision is the state where the person signs the agreement so you could imagine a Michigan corporation issuing a contract to consumers in 50 different states that would say here's a contract, buy or don't buy our product if you do buy it and we have a dispute under the contract there will be binding arbitration or there will be Michigan law apply or whatever so you can imagine a suit in Michigan court where they're at home and they would be subject to general jurisdiction you could also imagine the choice of law problems going away because the contract would have a choice of law provision in it it's not to say that none of these things could ever apply it would simply be to say that in a scenario where you don't where you have choice of law provisions that require all 50 states laws to apply and they're being sued in a foreign state sorry federal court in a foreign state then we have  in the district courts certification order but if I could your honor the only difference is what jurisdiction you're in all these issues if we were to have brought the case in Michigan the exact same issues that your honor raises would equally apply and the court would have to deal with them the only difference is whether as a matter of policy you're going to require that this take place in the home state of the defendant but you wouldn't have to deal with the personal jurisdiction right we wouldn't have specific jurisdiction it would have all the same issues this case is a perfect example Jackson specifically set forth that the law of the state where the person signed so that means all 50 states you will have to deal with that in the state of Michigan so you're not getting any different if you say well this is not a good class because you have those issues that doesn't seem logical if the exact same class in Michigan you would say okay that's fine in Michigan so that's why I say this is not a problem other than this personal jurisdiction issue which I'm going to get to now let me talk about I want to mention a couple other things I said reformation they didn't plead it okay so that's certainly a problem with respect to that other issues they talk about industry sort of industry knowledge and so forth Jackson preferred nothing with respect by way of some kind of expert testimony about industry standard in fact the only testimony is by these fact witnesses they reference somebody as an expert without telling the court that in fact when we tried to designate him as an expert Jackson objected and we withdrew them as experts so to refer to them as an expert is a bit misleading in our view but ultimately it doesn't matter there's no nothing in the record to suggest that the industry uses a standard form contract there could be a thousand different contracts this case is about Jackson's contract I never in my wildest dreams ever imagined that I'd be arguing in a case against the insurance company and I would be saying let's follow the contract language and the insurance company would be saying no no no we want to bring in evidence about what people said and what the broker said and how it all I'm flabbergasted by that it's remarkable what a position to take for the insurance company to be saying we don't want to live with our very clear contract language which they presented to the district court and lost on summary judgment with respect to instead they want to go out and tender all this evidence it's not legally relevant the contract has a provision that specifically says you can't have waiver or modification unless it's signed by two senior executives of Jackson and it's specifically says that financial representatives i.e. the very people they're talking about cannot change this contract cannot modify it, waive it, do anything to the contract that's the reason why we say this case is a quintessential class case it's a narrow provision all we're saying is you charge surrender charge on the surrender charge that's it that's the sum and substance of our case you charge surrender charge on surrender charge and your contract says you can't do that why would you not want to resolve that issue in one efficient proceeding there's no difference Jackson stipulated this is so unusual we got a stipulation to everything that's relevant in my judgment for a nationwide class they treat everybody the same everything is the same it's presented the same same same same same I didn't see a stipulation about presented the same is there one that says that unless I misunderstood what you just said it's presented the same to the consumer in other words well I should we should probably look at the exact language of the stipulation but in any event it is certainly the stipulation does say that Jackson's contracts are administered the same everything is the marketing materials are the same so there is no difference and in fact this is not a contract let's just distinguish this from a classic reformation case this is not a contract where two parties get together and they talk about it and then they suddenly say okay we got a deal then somebody goes off and writes it and they say well wait a minute we need to reform this because it's not what we said this is a contract that's created by Jackson a form that's used nationwide they send it out and it's signed it is not negotiated at all so there is nothing about this that lends itself to individualized issues that's our position. One of the first things Mr. Peterson said was that the presence of brokers in his view is crucial in this case would you respond to that? Yes I respond to that with a contract provision that says that whatever the financial representatives say can't modify this contract and this is a fully integrated contract and it has an unambiguous provision that we say says you can't charge surrender charge on surrender charge and that's all our case is about so that's the reason why we think it perfectly fits the model in this case. And what if a Texas court would look at that provision and read it differently? I'm sorry I didn't quite. I'm sorry what if a Texas court would look at that provision and read it differently and by differently I just mean that they would think that extrinsic evidence notwithstanding the provision that says it's fully integrated and no parole what if the parole evidence rule in Texas would allow the presentation of extrinsic evidence with respect to for example what a broker said or how a customer understood the contract if that was the state law in Texas? I don't believe there's any state that has a parole evidence rule that says you can vary or contradict the contract terms which is what we say Jackson is trying to do it's this is not that's the whole problem with their position they're saying admit the surrounding circumstances of course I know there is this quote surrounding circumstances but the law is crystal clear even in the case they cite you can't use it to create ambiguity you cannot use it to vary or contradict the contract term and that's what we say they're trying to do and that's what the court has so found. It's a narrow unambiguous contract and that's the reason that it ought to be resolved in a single proceeding. Well you say it's unambiguous they say it's unambiguous so you agree in that sense but you think it's unambiguous in opposite directions right one thinks it's unambiguously X the other thinks it's unambiguously Y that hardly makes it unambiguous. Well of course if that were the test there would never be an unambiguous contract because the parties always disagree about the reading of it but here's my point this is a procedural point. Yes there's a risk if you go to the court and say hey this is unambiguous the risk you take is if the court so finds and then it goes up on appeal you're probably barred from saying well wait a minute maybe it is ambiguous after all I don't think you can do that that's our position so therefore they're stuck. Final point on this before I go to personal jurisdiction and damages model as well. I'm sorry. I hope you'll address damages. Again this comes back to this is a very unusual case. The damages are surrender charge and surrender charge. This is not like we're talking about trust cases. The damage analysis are monumental and difficult and complex. The reason that our expert has not done the actual calculations is Jackson hadn't yet produced the data. They haven't given us the individual data but it doesn't matter because for purposes of certification all we're saying is you multiply the surrender charge on the surrender charge so whoever got charged a surrender charge they got charged a surrender charge on that so it's a very simple mathematical calculation and their argument that oh wait a minute if you do serial ones it still doesn't matter. The contract value may change. That's not going to change so whatever surrender charge was actually charged is a mathematical computation and simple. So when we get the data from Jackson which we've been trying to get which we did not believe we needed for this purpose in this kind of case because this is not one where the expert needs and I do need to address one thing. Importantly they do properly raise a problem with living and death benefits. That did turn out to be complicated. We're dropping it. We're not going to proceed on that. It's not an issue that I think is probably going to be able to be done on a class wide basis so we're just not going to do it. We're not going to proceed on that and therefore we're down to the very simple damage analysis mathematical surrender charge on surrender charge period. I'm sorry before we move on past that do you mean you've dropped it in the district court or you're dropping it here today for this board? I can't remember what I said exactly so I don't want to represent that I said it when I could be wrong. We are clearly dropping it today for purposes of your honor considering whether we have properly got a certified class with a damage model that's appropriate. So I don't want to say I did the district court because while I probably intended to I don't remember exactly what I said. So I will say certainly we're doing it today. But if you are making that admission today doesn't that almost decide the case for us in the sense that it would just on the basis of that wouldn't it have to go back to the district court to reconsider the certification order? No because the court granted certification on both things. If we take away one that's more complicated does that in any way undercut the certification of the simple issue? I don't think so. The other side noticed an appeal of a certification  us under rule 23 and so the question is affirm, deny you know the certification order but it sounds like we can't just affirm it and let the case go forward. I think I believe and this is not an issue I thought I would have to address so I apologize I'm not prepared to address it. But I believe if I stipulate that we're only going to proceed as I'm intending to do we're only going to proceed on the narrow damage issue I don't think that that does anything to undercut the district court's order. All it does is eliminate and moot an issue that this court might otherwise have to address. That's my view we can certainly brief that but I'm pretty confident that's the appropriate law that it moots the issue for purposes of this appeal. Okay let me turn to personal jurisdiction. Before you move on these differing amounts on the annuity surrenders why would that not defeat all the differences and the different calculations and the different time frames? Why would that not defeat a commonality? Because it's formulaic. In other words it is merely a formula I think this is what if you look at the issue on class certification with respect to damages first of all there's lots of cases that say that the fact that there's a lot of differences on damages don't matter. The real issue is can you do it formulaically? And that's what we're saying here is it's a very it's not even a difficult formula it's just a simple formula of how much surrender charge were you charged and therefore you were charged we know because Jackson so stipulated they charge surrender charge on that amount you get that back. So that simple formula applies across the board. Weren't there multiple surrender efforts? There were. There are definitely going to be multiple surrenders but as I said it doesn't make any difference because it's still our simple formula is how much surrender charge were you charged and then how much is that? And then you have the surrender charge and the surrender charge. If in fact the later model would somehow change the amount of surrender charge then that's going to change the formula but until we have the actual data we will not know the exact parameters of that but we know it's going to be formulaic. There's no individual issue on this. This is just how do you deal with multiples? You deal with it by taking the second surrender charge, the third surrender charge whatever it is and you're still going to apply the same simple formula to it. I think that's the way it works. Okay. Let me turn to personal jurisdiction. I think the key here and I'm going to try to be brief because I know we've gone a while here. No, no. I've given you more time. But this is let me say the merits issue which we have not even briefed. Okay. Let me explain this. This is the difficult choice we had to make. Jackson raised a ton of issues and we had to brief them and I did not want this issue of the merits of personal jurisdiction is a critically important issue and worthy of very extensive and careful thought and our position is it's not even ripe or appropriate and we think it's not ripe under our view and it's not ripe under Jackson's view. Okay. That's interesting. Is that different from your argument that they waived it by not raising it early enough? No, no. It's not relevant in our view because they waived it. Okay. So your argument is they waived it. We argue they waived it therefore it's irrelevant. Secondarily, under Jackson's view it's not relevant because it wasn't even ripe at the time of certification. Explain that view. Okay. Jackson here's Jackson's position. They say that personal jurisdiction defense was not quote legally available to them until after the class is certified. Now no court has ever held that. Nobody has followed that view and multiple courts have addressed it prior to certification but Jackson's view and the position they've taken is the court, we don't have any right or power to raise this issue. It's not available to us until the class is certified. Okay. What that means is that it's not part of the certification order. It's not even before the court because it's not an issue that Jackson can raise. What doesn't make sense is to say that it's not available to them but all of a sudden it becomes available at time of class certification. That's inconsistent. This is their inconsistency. Under their theory it becomes available to them as soon as the plaintiffs the at one point putative plaintiffs and then the class plaintiffs come into the case which doesn't happen until the judge issues the certification order. Right. Can I ask you, suppose because if I'm understanding your position it is that Jackson should have upon the filing of a class complaint by then two plaintiffs who I recognize are now different than the named plaintiffs. When the two plaintiffs file the thing and they say this is a nationwide class am I understanding Jackson should have filed a 12B to move to dismiss all of the unnamed putative class members. Is that right? Actually it's a little more nuanced than that so can I explain? Sure. Yes. Our position would be as a first position that they should have filed it initially because particularly in the 5th circuit with the C4th decision already raising issues about jurisdiction it was already right. Raise it and preserve it. And I don't mean to interrupt but can I pause you just because I don't want to lose this strand. Who would have represented the unnamed plaintiffs? Well of course we would. How would you have done that? Because your clients were two named plaintiffs not  were never appointed or there was never any other person appointed as the interim class counsel. Yes and that's a matter there is not let me just deal with practical issues in the area of class actions you don't have motions for interim class counsel unless you have competing cases. If you have one case you don't file a motion gee judge I want to be appointed interim class counsel when no one else is vying for that position you are by virtue of filing the case and by naming it as a nationwide class and by asserting rights as a nationwide class action you become empowered to represent the interest of the class. So I'm just the only reason I'm talking about 23 G3 and the putative class interim class counsel is because that's the only thing I see in rule 23 that talks about prior to certification a class counsel representing an unnamed plaintiff. So if that's true if there's no other place in rule 23 or any other statute I can find would suggest that the class counsel in this case can represent the unnamed putative class members prior to class certification then under the theory that you're adopting or advancing I'm sorry that the motion to dismiss should be filed sooner there would be no one on the other side to defend  Rhode Island Montana Virginia etc. Well my disagreement with that your honor is that we of course by filing the case become obligated to defend those positions. But the named plaintiff the whole question or I shouldn't say the whole question one of the big questions in the certification is is this particular name plaintiff adequate to represent the interests of all the unnamed plaintiffs but we haven't had that decision yet at the time that you're suggesting that the motion to dismiss should be filed. Correct. But I think that is still it doesn't change the obligation what that would mean is the practically speaking it would mean that that would assume Jackson's right you never have an obligation which means this whole issue is mooted because you don't take it up that means if it can't come up before certification it can't come up in certification it only comes up after certification which means you start over all of a sudden you have certification a nationwide class is certified then you go back and you start over and the district court gets a motion to dismiss from the respect to the unnamed class members and you start over that seems nonsensical and impractical to me and no court has adopted that as the procedure suppose A sues B in diversity and brings a claim for a thousand dollars so B moves to dismiss obviously B would get to move to dismiss again if C then joins the lawsuit if a new plaintiff joins the lawsuit obviously you get a new motion to dismiss so why isn't it exactly the same in class actions because class actions are different what would be the best case I guess what I'm looking for is some legal authority I mean I understand they're different but I'm trying to think of there's no case that I can find in your red brief that suggests that this is the way we would do it your honor every one of these cases that deals with a motion to dismiss unnamed class members of which we've cited half a dozen all are talking about cases where you've got putative classes that aren't yet certified but none of them including the 28J I appreciated the 28J we got yesterday but none of those cases that are talking about whether this is an available defense to the defendant is grappling with the questions that we're discussing at this moment in the argument right they might say well Bristol Myers may have been a new law or new rule that would give you additional defenses but they don't grapple with the question of whether the putative plaintiffs then come into the case you are exactly right but my position is that's because nobody thought this was a reasonable position to take until Jackson asserted it here and that's why we're dealing with it here because this is the first time anybody's ever really made this argument and I think I don't think that any court ought to accept this this is not the right way and let me I want to be fair to the district court here because the district court had layers of analysis on this waiver and it's important to consider those and I want to run through this it won't take very long because the facts are important there are cases that go different ways on waiver the standard here is abuse of discretion so we need to understand what the district court was looking at Jackson filed motions to dismiss on jurisdictional grounds that were heard prior to so it wasn't like they weren't focused on jurisdiction they filed motions on they had a motion to dismiss pending when Bristol Myers was decided June of 2017 they never they left it pending three months after Bristol Myers they never moved to amend never moved to supplement the briefing never did anything with respect to Bristol Myers they filed a 26 F report with us jointly that said personal jurisdiction exists in the case I'm going to ask him about the 26 F report on rebuttal in your view if right after Bristol Myers Squibb had come out a week later they had filed a motion to dismiss like a personal jurisdiction would they not have waived it I think that's a close question and I think they might well win that and I think that's part of the discretion here because they did not raise it they participated in nationwide discovery they entered into the stipulation the court decided three months later the motion to dismiss had been pending then Jackson put in an answer this is also inconsistent in October they put in an answer that said no personal jurisdiction for the unnamed class okay they say it's not available but they pled it but they didn't go to the court and ask for leave to file a motion to dismiss at that point they didn't raise it they didn't brief it we were scratching our head what are they doing we didn't know if they just threw it in we didn't know what they were doing they didn't actually brief anything on personal jurisdiction until January seven months later the court specifically said even if Bristol Myers was a change in law you waived it because you didn't come to me for seven months on this issue and that's a waiver and that's not an abusive discretion that's our position but it was worse than that because they didn't even brief the waiver when they filed the response to certification they just said no personal jurisdiction didn't even address the whole problem we're talking about we understand your argument but thank you very much Mr. Peterson why don't you start out by addressing the point about the rule 26 F I'm sorry the 26 F report which council opposite says you agreed that there was personal jurisdiction and so that's another reason to find waiver well I think our 26 F report was consistent with our answer which is at this time there was personal jurisdiction over the claims that had been asserted against us and what you see in the answer is exactly consistent with the arguments I'm making now to the extent that and it's implied in the future a class outside of Texas is certified denied that this court has personal jurisdiction over Jackson for the remaining two thirds of the putative class members residing outside of Texas so the rule 26 F report was just a report on how discovery would be conducted was telling the court that with respect to the claims that were presently in the case that had been asserted against us there was personal jurisdiction we didn't repeat from what we said in our answer there which is that there would be personal jurisdictions that would arise at some point in the future if the district court were to certify a nationwide class let me start briefly my friend talked about surrender charges on surrender charges I think that's over complicating what happens here these withdrawing charges are calculated the same way in the way that you pay a real estate agent when you sell a house you sell a house for $100,000 and you pay a real estate agent a 6% commission on that the agent gets $6,000 you receive the remaining 94 when my friend's talking about charges on charges all he's saying is that the $6,000 that is paid to the real estate agent is part of the $100,000 on which the 6% is calculated there's nothing nefarious about this there's nothing complicated or charges on charges or infinite series it's literally just how those transactions work with respect to the contract point I think my friend's argument today was exactly the same mistake that the district court made in denying Jackson's motion for summary judgment and that's conflating two very distinct concepts parole evidence and objective extrinsic evidence the parole evidence ruled as the Texas Supreme Court has made clear as we pointed out in the Uri decision in the Houston Exploration decision bars subjective evidence of what the party's intended it doesn't bar objective evidence that can aid in the contracts so to be clear the argument I'm making to you today is the contract is unambiguous even if the contract is unambiguous you still get to consider objective extrinsic evidence most particularly trade usage in interpreting those words the example here is a baker's dozen the contract between bakers may well use the word dozen without defining it if you just look at the face of that contract that might be unambiguous but you would go far astray if you went to a dictionary and concluded that a dozen meant 12 you still in those circumstances get to introduce objective extrinsic evidence of industry usage that to those in the baking industry dozen means 13 it doesn't mean 12 and then you would also need to introduce evidence that both parties to that transaction were aware of this industry usage at the time they contracted and contracted with that industry usage in mind we're not suggesting that Mr. Hightower modified the contract we're not suggesting that there were alterations that were somehow accomplished by the brokers we're simply suggesting that the industry understood what withdrawals were and that withdrawals included money withdrawn Mr. Leclerc suggested that you didn't put any evidence of industry practice or industry understanding if I understood correctly I think that's right you know we have the testimony of Mr. Hightower and Mr. McDonald and I apologize my understanding of Mr. McDonald is that he was designated at one point in time as an expert by the plaintiffs they withdrew him technically I think as an expert with access to I understand that to be a general withdrawal you'll see the testimony there record pages 2813 to 2816 that's Mr. McDonald's testimony the consistent understanding of other brokers is that Jackson was correctly calculating surrender charges per the contract that other brokers understood how these charges were calculated thought they were being calculated again under Amgen we're not trying to win the merits here we're just trying to say when it comes to trial this is the sort of evidence we plan to put on and it requires individual proof let me touch on living and death benefits because I will tell you I was shocked to hear that I think it's confessed from there and I think that standing alone would require reversal and remand to the district court I will tell you I don't know them off the top of my head but I do know there are serious due process constraints that restrict a class council's ability to compromise the claims of unnamed class members in order to manufacture predominance so if what Mr. Leclerc is saying is yes these unnamed class members have suffered living and death benefits but in order to treat this as a class action we are going to on their behalf waive their right to recover those living and death benefits because they would introduce individual issues my understanding is the due process absolutely does not permit that to occur any other questions thank you counsel we appreciate the arguments both sides did a very good job the case is under submission and we stand in recess until tomorrow morning thank you